IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID MARK BARWICK,

                Plaintiff,

    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

20-cv-1011-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff David Mark Barwick is seeking review of a final decision of the Acting Commissioner of Social Security denying his claim for disability insurance benefits and supplemental social security income under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge hearing the claim found that plaintiff had the medically determinable impairments of leukemia, lyperlipedemia, hypertension, thyroid disorder and skin melanoma, but that none of these impairments significantly limited, or were expected to limit, his ability to perform basic work-related activities for 12 consecutive months, whether they were considered singly or in combination. Plaintiff contends that the administrative law judge (ALJ)'s conclusion is not supported by substantial evidence. I find plaintiff's arguments unpersuasive and will affirm the commissioner's decision.

The following facts are drawn from the administrative record (AR).

1

FACTS

Plaintiff David Mark Barwick filed an application for a period of disability and disability insurance on September 6, 2019, alleging that he was eligible for Social Security benefits.  He contended that since January 4, 2018, when he was 58, he had been disabled by chronic lymphocytic leukemia and other medical impairments caused by cleaning solvents in the drinking water at Camp Lejeune, North Carolina, where he had been stationed while in military service.  AR 39.

Before plaintiff filed his claim for Social Security benefits, he had sought and been granted benefits from the Veterans Administration, effective March 14, 2017.   He retired in January 2018, after his VA benefits began. Before he retired, he had worked for J&B Cheese Vendors in a shipping job that required him to lift around 50 pounds at times, but usually less than that.  AR 35-36.  Before the shipping job, he had worked from 1993 until 2004 as a salesman of mobile homes and recreational vehicles.  AR 36

At his hearing before the ALJ, plaintiff testified that he could stand for 30-to-45 minutes at a time and walk for a mile without having to stop and rest.  AR 44.  He liked to get outside in the yard every day, even if it was just to pick up sticks.  AR 45.  He mowed his lawn, usually doing part of the yard one day and finishing up the next day,  because he was "not in a hurry to get anything done."  AR 46.  He also does household chores.  Id.

In a Function Report  filed with the Social Security Administration, plaintiff reported the he worked out and, in the winter, shoveled snow, with breaks.  AR 193.  He reported he played golf, but usually only 18 holes at a time, rather than the 54 holes he had formerly

been accustomed to playing.  AR 197.  He also reported playing racquetball two to three times a week.  AR 687.  In a Social Security questionnaire signed on December 20, 2019, he declined to fill out two sections, P and Q, saying that he was not physically limited as to any task.  AR 245.

In an April 2019 visit to the VA, plaintiff denied having any fatigue or loss of energy, and said he was "able to do all the outdoor activities he wants to do without issue,  AR 682.  A year later, he mentioned "some mild fatigue," but attributed it to "aging."  AR 684.

Plaintiff had two consultative examinations in connection with his claim for Social Security benefits, both of which resulted in a finding that he was not disabled.   A state agency medical consultant stated that plaintiff had severe hyperlipidemia and severe hypertension, but, as the ALJ explained at AR 19, this opinion was inconsistent with the opinion on reconsideration written by a different reviewing doctor that the condition was non-severe and did not functionally limit plaintiff.   AR 70.   In addition, at the reconsideration stage, a different reviewing doctor had also found the condition non-severe. In November 2019, plaintiff's leukemia was assessed as non-severe by a Social Security consultant on the ground that plaintiff had no symptomology suggesting otherwise.  AR 60.

In a March 2020 evaluation, another state agency medical consultant, Dr. Pat Chan, M.D., reported that plaintiff had been given a diagnosis of chronic lymphocytic leukemia in 2013,  but had had no symptoms since then.  AR 71-72.  Dr. Chan also noted that plaintiff had denied any fatigue or loss of energy in April 2019, saying he could engage in all activities.  Id.  This led the doctor to conclude that plaintiff's physical condition was not

severe and that he remained capable of medium exertional work.  Id.

Reviewing the evidence in this case, the ALJ concluded that plaintiff met the insured status requirement of the Social Security Administration through September 30, 2023, had not engaged in any substantial gainful activity since January 4, 2018 and had the medically determinable impairments of leukemia, hyperlipidemia, hypertension, thyroid disorder and skin melanoma.  AR 19-20.  The ALJ found that whether these impairments were considered separately or together, they were not severe and did not limit plaintiff's ability to perform basic work-related activities for 12 consecutive months.  Id.

The ALJ noted that plaintiff had had a diagnosis of leukemia in 2013, but had never needed any treatment for it and the record did not show that his condition had worsened.  AR 18.  At an annual hematology checkup in April 2018,  plaintiff alluded to a lessening of energy, but said he could still play 18 holes of golf and play racquetball two to three times a week.  AR 19.  In April 2019, plaintiff reported no notable illness in the previous year, no fatigue or loss of energy and the ability to do all of the outdoor activities he wanted.  Id. In September 2019, plaintiff's doctor found his hypertension asymptomatic and plaintiff denied that he had any other symptoms or concerns.  Id., The ALJ noted that although plaintiff had hypertension, he had been treated for it successfully by the VA.  Id.

Plaintiff testified at his hearing before the ALJ that he had resigned from the job he had held at the cheese company in January 2018 because he feared being subject to repayment of his VA benefits if he were found to be working while receiving benefits.  AR 39.  His record did not indicate that he had experienced any worsening of his conditions

(leukemia, hypertension, thyroid disorder or skin melanoma) in 2017 or at the beginning of 2018, or suggest that he was no longer able to handle the work he had been doing at the cheese factory.

Plaintiff has never needed any treatment for his leukemia.  As recently as April 2020, he talked to his medical provider, saying that his aging had caused him some mild fatigue but denying that he had any symptoms or problems that could be attributed to his impairments. AR 684.

OPINION

The issue in this case is straightforward:  was plaintiff disabled beginning on January 4, 2018 under the rules governing Social Security benefits?  The ALJ answered the question "no," after finding that although plaintiff had a diagnosis of chronic lymphoctytic leukemia, as well as other ailments, he had never needed any treatment for the condition and he was still able to play 18 holes of golf at a time, play racquetball regularly, mow his lawn, rake leaves and shovel snow.  The ALJ also took into account the fact that plaintiff had been working full-time at a cheese company, lifting loads of around  50 pounds, up until January 2018, when he resigned because he was concerned that continuing to work might require him to repay the VA benefits he had been receiving.

The Acting Commissioner of Social Security agreed with the ALJ's factual findings, which are considered conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).  Plaintiff has failed to show that the findings lack "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, 1154 (2019).  In this case, the evidence is clearly adequate:  the medical evidence shows that although plaintiff has medically determinable impairments, none of his impairments by itself or in combination with another impairment has significantly limited his ability to perform basic work-related activities for 12 consecutive months.

Plaintiff 's last job was working for a cheese company where he was required to lift 50 pounds regularly.  He was capable of continuing to do so, but feared he might lose his VA benefits if he continued to work.  He chose to work through the first week of 2018 so that he would receive an incentive bonus from the company.   There is no indication that he retired because he could no longer handle the work.

Plaintiff maintains that the ALJ erred in failing to consider his subjective complaints of fatigue, but the ALJ gave consideration to those complaints and found them unpersuasive because plaintiff had not complained of serious fatigue.  <u>See</u>, <u>e.g</u>, AR 660, 682 (plaintiff had "no fatigue or loss of energy.  Able to do all the outdoor activities he wants to without issue"). AR 684 (4/28/2020) (plaintiff did complain of "some mild fatigue," but attributed it to aging.")

Plaintiff has failed to identify any evidence supporting a serious claim of fatigue, particularly in light of the many instances in the record in which he denied having any significant fatigue, as well as his demonstrated ability to perform his shipping job without difficulty.  Plaintiff did complain of fatigue in his oral testimony before the ALJ, but this testimony contrasted with the statements he made to the doctors who examined him on a regular basis.  (Plaintiff's counsel talks about plaintiff's suffering from high fatigue and a

6

severely compromised immune system, but this appears to be a mistake on counsel's part, because nothing in the record refers to either of these problems, much less ties them to plaintiff.)

Plaintiff told the ALJ at his hearing that his "immunity system was basically gone," AR 43, and that he was no longer immune to conditions such as childhood diseases or flu. Id. However, he has not cited any medical reports to support these statements, although he sees doctors on a regular basis. Therefore, the matter of a compromised immune system need not be considered. Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012) (plaintiff has burden of establishing that he can meet criteria of listed impairment).

Plaintiff contends that the ALJ "cherry picked" the evidence against him, but the record suggests the opposite is true. For example, plaintiff cites statements he made at his hearing before the ALJ, such as having become tired just from picking up sticks in his yard or walking for as much as a mile without having to sit down to rest, but fails to explain how these statements correlate with others he has made about playing racquetball two to three times a week, playing 18 holes of golf, shoveling snow and mowing the lawn.

Although it is plaintiff's burden to prove that he is disabled, 20 C.F.R. § 404.1512(a), (plaintiff has burden of demonstrating his physical limitations), he has not met that burden. He has not explained why he believes that his leukemia would prevent him from working when he has not needed any treatment for it in the three years since it was diagnosed, has continued to engage in strenuous physical activities and nothing in his medical records shows that he has experienced any significant limitations in his physical abilities. 20 C.F.R. § 404.1522

(impairment is not severe if it does not significantly limit [applicant's] physical or mental ability to do basic work activities).

The fact that plaintiff was awarded benefits by the Veterans' Administration provides no basis for the Social Security Administration to award him additional benefits. As defendant explains, the two agencies use different criteria to assess disability. 20 C.F.R. § 404.1504. See Bird v. Berryhill, 847 F.3d 911, 913 (7th Cir. 2017)("VA's finding that [plaintiff] is 70% disabled and unemployable does not establish that he is entitled to SSA's benefits").

Finally, the commissioner disputes plaintiff's arguments that it was a violation of the Social Security regulations for the ALJ not to identify plaintiff's "specific work abilities." Plt.'s Br. at 13. The regulations do not impose such a requirement. Rather, an ALJ who finds that a claimant is not disabled is instructed not to go on to the next step. 20 C.F.R. § 404.1522, Social Security Rulings (SSRs 85-28 and 16-3).

In sum, I find that the ALJ relied reasonably upon the evidence in the record in reaching the conclusion that plaintiff is not disabled.

ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijazki, Acting Commissioner of Social Security, is AFFIRMED and plaintiff David Mark Barwick's appeal is DISMISSED. The Clerk of Court is directed to enter judgment in favor of defendant and close this case.

Entered this 15th day of October, 2021.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge